*FILED:*
*01/04/2016*
*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2205-GHK (KKx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | *Michael Richard Marsh v. Monster Beverage Corp., et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order Re:** Plaintiff's Motion to Remand (Dkt. 9)

      This matter is before us on Plaintiff Michael Richard Marsh's Motion to Remand ("Motion"). (Dkt. 9.) We have considered the papers filed in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. Accordingly, we rule as follows:

**I.    BACKGROUND**

      This is a tort action brought by Plaintiff Michael Richard Marsh, a citizen of Indiana, against Defendants Monster Beverage Corporation and Monster Energy Company (collectively, "Defendants"), both citizens of Delaware and California. Plaintiff claims that his consumption of Defendants' Monster Energy drink caused him to suffer a severe cardiac episode on October 16, 2013. (Dkt. 1, Notice of Removal ("NOR"), Compl. ¶¶ 8-9.) On October 15, 2015, Plaintiff sued Defendants in state court, alleging strict products liability based on design defect and failure to warn; negligence in the design, sale, and manufacture of the energy drink; negligence for failure to warn; fraudulent concealment; and breach of implied warranties. (Compl.)

      On October 27, 2015, Defendants removed this action to federal court prior to being served with the Summons and Complaint. In their Notice of Removal, Defendants state that removal is proper pursuant to 28 U.S.C. § 1441(b) because they had not been "properly joined and served as defendants in this action" at the time of removal. (NOR at 3.) On November 16, 2015, we informed the Parties of a potential procedural defect in the removal procedure. (Dkt. 7, Order of November 16, 2015 ("Order") at 3.)[1] We questioned whether "Defendants [had] run afoul of the forum defendant rule given that they are

---

[1] We also issued an Order to Show Cause regarding subject matter jurisdiction to determine whether Defendants can show by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Order at 2.) Because we find that § 1441(b) bars removal, as explained below, we

*FILED:*
*01/04/2016*
*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2205-GHK (KKx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | *Michael Richard Marsh v. Monster Beverage Corp., et al.* | | |

California residents." (*Id.*) We further noted that they seemed to "evade the purpose of the rule, which is meant to protect out-of-state defendants, especially since there are no out-of-state defendants joined in this action." (*Id.*) On November 25, 2015, Plaintiff filed the instant Motion to Remand ("Motion"), arguing that Defendants have indeed violated the forum defendant rule and that remand is proper. (Dkt. 9, Mot. at 3.) Defendants oppose the Motion. (Dkt. 16.)

## II. ANALYSIS

### A. Legal Standard

We may remand a case for lack of subject matter jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c). A defendant can remove a case from state to federal court only if the case originally could have been filed in federal court. *Id.* § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). In light of the "strong presumption against removal jurisdiction," a defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). We "strictly construe the removal statute against removal jurisdiction," *id.*, and "[w]here doubt regarding the right to removal exists, a case should be remanded to state court," *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also* 28 U.S.C. § 1447(c).

### B. Discussion

Defendants premise removal on diversity jurisdiction pursuant to 28 U.S.C. § 1332. "Jurisdiction founded on [diversity of citizenship] requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson*, 319 F.3d at 1090. Assuming that the requirements for diversity are met and we have subject matter jurisdiction over this action, 28 U.S.C. § 1441(b) still prohibits removal if one or more of the named defendants is a citizen of the forum state. Specifically, § 1441(b) states that a case can be removed based on diversity jurisdiction "only if none of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

The Parties dispute how § 1441(b), known as the "forum defendant rule," applies to this case. Plaintiff argues that § 1441(b)(2)'s "properly joined and served" language does not allow "pre-service removal to act as an exception to the forum defendant rule." (Mot. at 3.) Defendants urge us to follow the plain language of the statute. They acknowledge that they are citizens of California, the forum state, but contend that removal is proper because they "had not been served with the summons and complaint" at the time of removal. (Opp'n at 5.)

---

need not address whether the amount in controversy requirement is met.

*FILED:*
*01/04/2016*
*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2205-GHK (KKx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | *Michael Richard Marsh v. Monster Beverage Corp., et al.* | | |

    Generally, "where the language of a statute is plain and admits of no more than one meaning the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion." *Campbell v. Allied Van Lines Inc.*, 410 F.3d 618, 620-21 (9th Cir. 2005) (internal quotation marks and alterations omitted). However, "well-accepted rules of statutory construction [also] caution us that statutory interpretations which would produce absurd results are to be avoided." *Ariz. State Bd. for Charter Schs. v. U.S. Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006) (internal quotation marks omitted); *see also United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940) ("When [the plain meaning of a statute] has led to absurd or futile results . . . this Court has looked beyond the words to the purpose of the act. Frequently . . . even when the plain meaning did not produce absurd results but merely an unreasonable one plainly at variance with the policy of the legislation as a whole this Court has followed that purpose, rather than the literal words.") (internal quotation marks and citations omitted); *Albertson's, Inc. v. Comm'r of Internal Revenue*, 42 F.3d 537, 545 (9th Cir. 1994) ("We may not adopt a plain language interpretation of a statutory provision that directly undercuts the clear purpose of the statute."). As explained below, we conclude that the purpose underlying the forum defendant rule bars Defendants from removing this action.

    The Ninth Circuit has described the forum defendant rule's purpose as follows: "Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court. . . . The need for this protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought. Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court." *Lively v. Wilds Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006). District courts across the country have concluded that the rule serves to "prevent plaintiffs from improperly joining forum defendants that they do not actually intend to pursue in order to prevent removal from state court," which was a "pervasive problem" at the time the "properly joined and served" language was adopted by Congress in 1948. *See Standing v. Watson Pharma., Inc.*, 2009 WL 842211, at *3 (C.D. Cal. Mar. 26, 2009) (collecting cases). In other words, the "purpose behind the statute is to prevent procedural gamesmanship by plaintiffs through improper joinder." *Id.* at *4. As such, the statute "should not allow for a similar gamesmanship by defendants." *Id.*

    Citing the above purpose of the forum defendant rule, multiple courts within this district have departed from the literal meaning of § 1441(b). They have concluded that "where the forum defendant rule would otherwise apply, interpreting the statute literally would 'thwart the purpose of Section 1441(b) and merely promote gamesmanship on the part of removing defendants.'" *Khashan v. Ghasemi*, 2010 WL 1444884, at *2 (C.D. Cal. Apr. 5, 2010) (quoting *Standing*, 2009 WL 842211, at *3) (internal alterations omitted); *Mass. Mut. Life Ins. Co. v. Mozilo*, 2012 WL 11047336, at *1 (C.D. Cal. June 28, 2012) (concurring with the analysis in *Khashan* and *Standing*). In *Standing*, the only non-forum defendant removed the action prior to any defendant being served. 2009 WL 842211, at *2. Section 1441(b) did not apply because "a literal interpretation of [it would] disrupt[] the policy behind the forum defendant rule." *Id.* at *5. "[B]lindly applying" the rule would improperly allow defendants to "effectively always prevent imposition of the [rule] by monitoring state dockets and removing an

*FILED:*
*01/04/2016*
*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2205-GHK (KKx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | *Michael Richard Marsh v. Monster Beverage Corp., et al.* | | |

action before a plaintiff can serve any party." *Id.* at *4 (citation omitted). As such, the case was remanded. *Id.* at *8. In *Khashan*, a case was remanded for the same reasons where the only non-forum defendant removed the action prior to any defendant being served. 2010 WL 1444884, at *3-4. Finally, in *Mozilo*, the defendants, all California citizens, removed the action before the plaintiff served any of them. 2012 WL 11047336, at *1. Citing *Khashan* and *Standing*, the court remanded the action, concluding that "[t]he plain meaning of [§ 1441(b)] would permit removability to turn on the timing of service rather than the diversity of the parties. Such a reading would eviscerate the purpose of the forum defendant rule." *Id.* at *2 (internal quotation marks omitted).

These cases persuade us that the literal meaning of § 1441(b) does not control here. Defendants, both California citizens, removed this action less than two weeks after Plaintiff filed suit in state court and before being served. Given that Defendants are citizens of California, the forum state, removal here contravenes the purpose of § 1441(b), which protects "*out-of-state* defendants from possible prejudice in state courts." *Lively*, 456 F.3d at 940 (emphasis added). Plaintiff also does not appear to be engaging in procedural gamesmanship by suing Defendants in California. Indeed, Defendants obviously are not being joined simply to defeat removal given that they are the only named defendants. *Cf. Khashan*, 2010 WL 1444884, at *3 ("It is clear from [the plaintiff's] complaint that . . . the forum defendant[] is integral to his claims and that he has not been joined solely for the purpose of defeating removal."). As such, we conclude that Defendants have run afoul of the forum defendant rule, rendering the removal procedurally defective.

Defendants' arguments to the contrary are unavailing. In their Opposition, they contend that § 1441(b) does not bar removal for two primary reasons. First, they argue that the plain meaning of § 1441(b) should control here, citing multiple out-of-district cases that have strictly followed the statute's text. (Opp'n at 7-10.) As Plaintiff notes, however, all of these cases are distinguishable because they involve *non-forum* defendants removing an action prior to a forum defendant being served. *See, e.g.*, *May v. Haas*, 2012 WL 4961235, at *2 (E.D. Cal. Oct. 16, 2012) (holding removal proper where served non-forum defendants removed action before forum defendant was served); *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128-29 (N.D. Cal. 2012) (holding removal proper where non-forum defendants removed action before any defendant served, including forum defendants); *Waldon v. Novartis Pharmas. Corp.*, 2007 WL 1747128, at *1-3 (N.D. Cal. June 18, 2007) (same). Defendants fail to cite any authority that states a *forum* defendant can remove an action to federal court prior to service. As one district court has stated, "[t]he rationale underlying the forum defendant rule is most clearly contravened when a forum defendant itself removes the action before being served" given that there "is no fear of local bias." *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1244 (E.D. Mo. 2012). Thus, it would be particularly inappropriate to allow forum defendants to remove an action before being served, especially when they are the only defendants in the action, as is the case here.

Furthermore, at least one court within this district has explicitly rejected the reasoning of the cases Defendants cite. *See Mozilo*, 2012 WL 11047336, at *2. Rather, it sided with fellow Central

*FILED:*
*01/04/2016*
*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2205-GHK (KKx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | *Michael Richard Marsh v. Monster Beverage Corp., et al.* | | |

District courts that declined to apply the plain meaning of § 1441(b) when doing so would defeat the statute's purpose. *See id.* ("The debate [over whether to apply the plain meaning of § 1441(b)] is well-developed in *Regal Stone*, *Khas[h]an*, and *Standing*, and the Court need not rehash it here. The Court agrees with the cogent analysis in *Khas[h]an* and *Standing*."). We are also persuaded by the reasoning in *Khashan* and *Standing* and decline to adopt a reading of § 1441(b) that would allow forum defendants to remove an action simply because they have not been served. Our conclusion is supported by the opinions of various other district courts throughout the country. *See, e.g.*, *Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 556 (S.D. W. Va. 2015) ("[I]n cases involving only resident defendants, the forum-defendant rule bars resident defendants from removing an action pursuant to diversity jurisdiction before effectuation of service."); *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, 67 F. Supp. 3d 952, 962 (N.D. Ill. 2014) ("[T]he Court concludes that the forum defendant rule bars removal of the present case, because defendants . . . are citizens of the forum state."); *Campbell v. Hampton Roads Bankshares, Inc.*, 925 F. Supp. 2d 800, 810 (E.D. Va. 2013) (remanding case because "Defendants are citizens of the forum and have actively sought removal of this action . . . despite their having not been served"); *Fields v. Organon USA Inc.*, 2007 WL 4365312, at *4 (D.N.J. Dec. 12, 2007) ("[W]here—as is the case here—the forum defendant is the removing party, and clearly a legitimate defendant, there is no reason to ignore the forum defendant rule and permit removal, regardless of whether or not the removing defendant has been served.").

Second, Defendants argue that the cases Plaintiff relies on—namely, *Standing*, *Khashan*, and *Mozilo*—are inapposite because in each case the "plaintiff was not provided a reasonable opportunity to serve the complaint prior to the notice of removal." (Opp'n at 11.) They claim that here, "Plaintiff had an ample opportunity to serve Defendants following the filing of his complaint" before removal. (*Id.* at 12.) They contend that this delay in service demonstrates that they did not engage in procedural gamesmanship by removing this action. (*See id.* at 11.) To support this argument, they also point to the fact that Plaintiff's counsel previously had filed two similar actions against them and waited "more than four months after filing" to effectuate service in those actions. (*Id.* at 12.) Defendants argue that "Plaintiff and his counsel had no intention" of serving the Summons and Complaint. (*Id.*)

These arguments are unpersuasive. As Plaintiff contends, his actions in this case are more relevant to our analysis than his counsel's actions in prior cases, even if the cases are all similar. (*See* Reply at 2.) This is especially true given that Plaintiff is represented by three law firms that were not involved in the prior two lawsuits against Defendants, in addition to the firm that was. (*See id.*) What one law firm did for different clients in different cases does not dictate what that law firm and three other firms will do for Plaintiff in this case.

Plaintiff is also correct to note that § 1441(b) says nothing about a plaintiff forfeiting its ability to contest removal simply because it did not serve a defendant within a certain amount of time. (*See id.* at 4.) In *Standing*, *Khashan*, and *Mozilo*, the short time between when the plaintiff filed suit and when each case was removed was not dispositive of the decision to remand. *See Mozilo*, 2012 WL 11047336, at *1 (six days); *Khashan*, 2010 WL 1444884, at *3 (twelve days); *Standing*, 2009 WL 842211, at *1

*FILED:*
*01/04/2016*
*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-2205-GHK (KKx) | Date | January 4, 2016 |
|---|---|---|---|
| Title | *Michael Richard Marsh v. Monster Beverage Corp., et al.* | | |

(one day). While this time frame may have been relevant to whether the defendants in these cases had engaged in gamesmanship, each opinion focused heavily on the fact that a forum defendant had not yet been served at the time of removal, as explained above. Regardless of when Defendants removed this action, removal is improper because they are forum defendants who will not face a local bias from litigating this case in state court. *See Perez*, 902 F. Supp. 2d at 1244 ("When the defendant seeking to remove hails from the forum state, there is no fear of local bias. Removal under such circumstances frustrates the policy underlying the forum defendant rule.") (internal citation omitted).

Finally, even considering the amount of time between when the action was filed and removed, Defendants removed this case merely twelve days after Plaintiff filed suit. Twelve days is not long enough for us to conclusively say that no gamesmanship occurred here. *See Phillips Constr.*, 93 F. Supp. 3d at 546 (remanding case even though unserved forum defendants removed case over thirty days after complaint was filed). As such, Defendants' arguments opposing the Motion are unconvincing.

**III.  CONCLUSION**

For the foregoing reasons, we conclude that Defendants' removal was procedurally defective. We **GRANT** Plaintiff's Motion. The action is remanded to the Riverside County Superior Court. The clerk shall effectuate such remand forthwith.

**IT IS SO ORDERED.**

-- : --

Initials of Deputy Clerk    DG for Bea